UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

THEODORE THORSEN, CHRISTINE M.
THORSEN, and DAVID M. THORSEN,
both INDIVIDUALLY and DERIVATIVELY
ON BEHALF OF SONS OF NORWAY, INC.,

                    Plaintiffs,

              v.

SONS OF NORWAY, EIVIND HEIBERG,
DAN RUDE, and DAVID NESS,

                    Defendants.

**MEMORANDUM & ORDER**
13-CV-2572 (PKC)

-----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiffs presently move for reconsideration of the Court's dismissal, with prejudice, of Plaintiffs' complaint on the basis that they were denied the opportunity to amend the complaint to allege additional facts that would have adequately stated a claim of defamation *per se*. Because Plaintiffs were given ample opportunity to allege any additional facts necessary to defeat the dismissal motion, and because the requested amendment would have been futile, Plaintiffs' request for reconsideration is denied.

*BACKGROUND*

      Plaintiffs' complaint ("Complaint"), filed on April 27, 2013, asserted four causes of action: (1) a derivative claim on behalf of Sons of Norway against the individual defendants for breach of fiduciary duty; and (2) three claims against Sons of Norway alleging (a) defamation *per se*, (b) defamation, and (c) intentional infliction of emotional distress. (Dkt. 1 at 38–45.) On July 8, 2013, the Court set a briefing schedule in connection with Defendants' proposed motion

to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). On August 26, 2013, Plaintiffs sought leave to file an amended complaint, arguing, in substance, that the amended complaint would defeat some of Defendants' dismissal arguments. (Dkt. 28 at 3.) That same day, the Court denied Plaintiffs' request to file an amended complaint, but allowed them to "include in [their] dismissal opposition all of the factual allegations [they] would assert in an amended complaint to establish personal jurisdiction." (August 26, 2013 Order.)

On September 12, 2013, the parties submitted the fully briefed motion. Plaintiffs' opposition to the motion included a section titled "Allegations of the Proposed Amended Complaint" ("Additional Allegations"). (Dkt. 48 at 4–7.) The Additional Allegations included several paragraphs regarding the basis for the Court's personal jurisdiction over the individual defendants. Additionally, and in disregard of the Court's order, Plaintiffs also included numerous newly asserted facts regarding the substance of their claims. Most pertinently, Plaintiffs alleged a new statement that they claimed was defamatory, *viz.*, that non-defendant Paul Kornbrekke stated that "David Thorsen stole money from Nansen Lodge." (Dkt. 48 at 6.)[1] In a footnote, Plaintiffs purported to "reserve their right[s]" to allege additional facts in an amended complaint, and that the Additional Allegations did not "comprise every additional allegation they may choose to make" if granted leave to amend. (Dkt. 48 at 4 n.3.)

Two months later, on November 12, 2013, Plaintiffs submitted a request for leave to submit a sur-reply in further opposition to the motion or for oral argument. (Dkt. 49.) The Court granted Plaintiffs' request to submit a sur-reply (November 13, 2013 Order), which Plaintiffs

---

[1] Paul Kornbrekke is or was a member of the Nansen Lodge's executive board. (*See* Dkt. 1 ¶ 37.)

submitted on November 28. (Dkt. 51.)[2] The sur-reply did not address Plaintiffs' defamation claims.

The Court granted Defendants' motion to dismiss the Complaint on February 6, 2014. (Dkt. 53.) First, the Court found that it had personal jurisdiction over the Defendants. Second, the Court addressed each of Plaintiffs' substantive claims, finding that each failed to state a claim upon which relief could be granted. (Dkt. 53.) On February 20, 2014, Plaintiffs timely moved for reconsideration of the grant of dismissal. (Dkts. 55–56.) Plaintiffs seek reconsideration of the Court's "dismissal of the Complaint with prejudice and dismissal of Count Two [defamation *per se*]." (Dkt. 56 at 5.) Plaintiffs also move the Court to "alter or amend the Judgment so that Plaintiffs may file an amended complaint." (Dkt. 56 at 5.)[3]

*STANDARD FOR RECONSIDERATION*

A motion for reconsideration is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order. *See* Local Civil Rule 6.3. The grounds for reconsideration are an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that

---

[2] The primary focus of the parties' briefing was the issue of personal jurisdiction. Plaintiffs devoted 8 of 12 pages of argument in their opposition to this issue. (Dkt. 48.)

[3] Plaintiffs do not seek reconsideration of the Court's denial of their other claims. (Dkt. 63 at 3) ("Plaintiffs have no interest in rehashing allegations that are unlikely to prevail, particularly in light of the Court's criticisms.").

[a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.), *as amended* (July 13, 2012) (quotations omitted). Furthermore, arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *See Image Processing Techs., LLC v. Canon Inc.*, 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). "[A] party requesting [reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings." *Church of Scientology Int'l v. Time Warner, Inc.*, 92-CV-3024, 1997 WL 538912 (S.D.N.Y. Aug. 27, 1997). "'The purpose of the rule is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Woodard v. Hardenfelder*, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (quoting *McMahan & Co. v. Donaldson, Lufkin & Jenrette*, 727 F. Supp. 833, 833 (S.D.N.Y. 1989)).

## *DISCUSSION*

Here, Plaintiffs point to no intervening change of controlling law or extant controlling law that the Court overlooked. Plaintiffs likewise do not contend that the Court overlooked any facts or that new evidence is available. Rather, in essence, Plaintiffs contend that they would be able to assert new facts to save their defamation claims had they been given the opportunity to amend their complaint, and that the Court unfairly denied them the opportunity to plead

additional facts by denying their motion to amend and then dismissing this action with prejudice. (Dkt. 56 at 7–8.) As discussed below, this argument is factually and legally incorrect.

I. <u>Plaintiffs Had Ample Opportunity to Allege All Facts Relevant to the Dismissal Motion</u>

Plaintiffs argue that reconsideration is warranted because they were denied the opportunity to allege additional, new facts that would have been sufficient to state a claim for defamation *per se*. (Dkt. 56 at 2.) However, as Plaintiffs acknowledge, although granted the limited opportunity to allege new facts about personal jurisdiction, Plaintiffs used that opportunity to also allege new facts "addressing Defendants' concerns as to the specificity with which Plaintiffs pleaded defamation and defamation per se." (Dkt. 56 at 2.) Based on a declaration submitted by their counsel, Plaintiffs additionally alleged, *inter alia*, that (1) at a Nansen Lodge meeting, Sons of Norway member "Paul Kornbrekke published the defamatory statement that David Thorsen *stole* money from Nansen Lodge", and (2) the "Committee [on which Defendants sat] was informed about the meeting, and the risk that defamatory statement would be published during the meeting [] before the meeting occurred." (Dkt. 48 at 17 (emphasis added).) Using these newly alleged facts, Plaintiffs argued in its dismissal opposition that they had stated a "legally cognizable claim for defamation" and that Defendants were vicariously liable for this purportedly defamatory act. (Dkt. 48 at 17–18.)[4] Thus, contrary to Plaintiffs' argument in this motion, they, in fact, availed themselves of the opportunity to put

---

[4] Notably, Plaintiffs did not differentiate between defamation and defamation *per se* in their opposition. Indeed, they failed to address the specific elements of either claim, including, most pertinently, the requirement that *per se* defamation be based on a statement "charging the plaintiff with a serious crime," or making similarly injurious accusations. (Dkt. 48 at 17); *see Zherka v. Amicone*, 634 F.3d 642, 645 n.6 (2d Cir. 2011) (quoting *Liberman v. Gelstein*, 80 N.Y. 2d 429, 435 (1992)).

forth those facts they believed were necessary to adequately plead their defamation claims and defeat Defendants' motion to dismiss.

In deciding the motion to dismiss, the Court considered the additional facts asserted by Plaintiffs in support of their defamation claims. However, as the Court explained in its decision, those additional facts were insufficient to state a claim of defamation or defamation *per se*. (Dkt. 43 at 27–30.) With respect to the defamation claim, neither the Complaint nor the Additional Allegations alleged any "special damages" that flowed from the defamatory statement.[5] *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (to state a claim for defamation under New York Law, plaintiff must allege, *inter alia*, that the allegedly false statement constituted defamation *per se* or caused "special damages") (citing *Gargiulo v. Forster & Garbus, Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009)). With respect to the claim of defamation *per se*, neither the Complaint nor the Additional Allegations alleged facts establishing that Plaintiff had been accused of a "serious crime." *Zherka*, 634 F.3d at 645 n.6 (defamation *per se* may exist where defendant's statement charged plaintiff with a "serious crime"). Rather, Plaintiffs, after taking the opportunity, on its own, to supply additional facts to "address[] Defendants' concerns as to the specificity with which Plaintiffs pleaded . . . defamation *per se*," (Dkt. 56 at 2), alleged only that Kornbrekke stated at a meeting of lodge members that Thorsen had "stole[n] money" from the lodge. (Dkt. 48 at 6.) Critically, Plaintiffs

---

[5] Although the Court construed the defamatory act as the statement that David Thorsen misappropriated money by causing the payment of the attorneys' fees for defending David Thorsen (Dkt. 1, ¶146), instead of the statement simply that David Thorsen had stolen money (Dkt. 48 at 7), the result is the same because of the absence of any allegations about special damages, the failure to plead facts charging Defendant with a "serious crime," and the qualified privilege that applies to the statement, rendering further amendment futile. *See infra* Section IV.

did not allege then, as they attempt to do now, that Kornbrekke accused Thorsen of stealing $5,000.[6]

Plaintiffs' defamation *per se* claim did not fail because Plaintiffs were denied the opportunity to amend the complaint; it failed because Plaintiffs did not realize what was needed to sufficiently plead that claim. This lapse does not provide a basis for reconsideration. *Naiman v. New York Univ. Hosps. Ctr.*, 95-CV-6469(RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (purpose of Local Civil Rule 6.3 "is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'") (quoting *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Having seized the opportunity to assert new factual allegations, which they presumably deemed necessary to defeat the dismissal motion, Plaintiffs cannot now, having lost the motion, claim that they intended to "reserve their right" to add even more facts, which would have saved their complaint. (Dkt. 37 at 4; Dkt. 48 at 4 n.3.) Plaintiffs are not allowed to selectively "reserve their right[s]" in this manner. The interests of justice do not justify allowing Plaintiffs to re-plead additional new facts, such as the enhanced defamatory statement, which Plaintiffs plainly could have alleged as part of its opposition had they understood and made the relevant arguments regarding the sufficiency of their defamation *per se* claim. The time to have added those facts

---

[6] The failure to allege that Kornbrekke made a statement about the theft of a specific amount of money is critical because under New York law, theft of property not exceeding $1,000 typically is a misdemeanor. N.Y. Penal Law § 155.25. Commission of a misdemeanor usually does not rise to the level of a "serious crime" for purposes of a defamation *per se* claim. *See Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992) ("Thus, the law distinguishes between serious and relatively minor offenses, and only statements regarding the former are actionable without proof of damage[.]") (citing Restatement (Second) of Torts § 571); *contra Sprewell v. NYP Holdings, Inc.*, 1 Misc. 3d 847, 852 (Sup. Ct. N.Y. Cnty. 2003) ("*serious* misdemeanor may form the basis for a claim of defamation *per se* particularly where [] it involves a crime that puts another in fear of physical harm") (emphasis added).

and made those arguments has passed. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997) ("The district court properly declined to consider [the newly asserted evidence], as it had been in [plaintiff's] possession for two years before the court's order and therefore was not 'newly discovered evidence' that might have justified reconsideration of the court's decision."); *cf. Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("[L]itigants cannot be permitted to use litigation before a magistrate judge as something akin to [a] spring training exhibition game, holding back evidence for use once the regular season begins with the district judge.").

II. Waiver

Plaintiffs failed to discuss anywhere in their dismissal opposition or sur-reply the elements of either their defamation or defamation *per se* claims, and failed to explain how the facts alleged in the Complaint or Additional Allegations satisfied these elements. (Dkt. 53 at 17–18). Indeed, Plaintiffs entirely failed to articulate their theory of why their claims supported a defamation claim—they did not allege or describe special damages nor explain the legal basis of the defamation *per se* claim. (Dkt. 48 at 16.) Accordingly, they have waived the arguments they now make on reconsideration. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.* 265 F.3d 97, 115 (2d Cir. 2001) (affirming district court's rejection of argument raised for the first time on a motion for reconsideration); *Newbro v. Freed*, 06-1722-CV, 2007 WL 642941 (2d Cir. Feb. 27, 2007) (summary order) ("[W]e conclude that the district court did not abuse its discretion in denying the [] motion for reconsideration. Because they raised it for the first time on reconsideration, the court properly refused to consider the [] argument[.]"); *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 98 (E.D.N.Y. 2010) ("[B]y failing to timely raise such an argument during the briefing of its motion to dismiss, defendant waived its right to seek reconsideration of

this point."); *Nobel Ins. Co. v. City of New York*, 00-CV-1328, 2006 WL 2848121, at *16 (S.D.N.Y. Sept. 29, 2006) ("Normally, [the Court] will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument."); *Halpert Enters., Inc. v. Harrison*, 07-1144-CV, 2008 WL 4585466, at *3 (2d Cir. Oct. 15, 2008) (summary order) ("given [plaintiff's] failure to mention this argument in either its complaint or memorandum, raising any such claim even explicitly at oral argument would have been to no avail"). Accordingly, the Court denies reconsideration of Plaintiffs' waived arguments regarding defamation *per se*.

III.  Dismissal of Plaintiffs' Defamation *Per Se* Claim Was Proper

Plaintiffs argue, for the first time on reconsideration,[7] that the allegations of the Complaint and the Additional Allegations adequately plead the elements of defamation *per se*. (Dkt. 56 at 8–10.)[8] This argument is simply incorrect, and does not warrant reconsideration. As previously discussed, to state a claim of defamation *per se*, Plaintiffs had to allege, *inter alia*, that the purportedly defamatory statement charged Plaintiff with a serious crime. *Zherka*, 634 F.3d at 645 n.6. The Complaint and Additional Allegations, at most, alleged that Kornbrekke stated that David Thorsen had "stolen money." This allegation did not satisfy the element of charging a "serious crime." *See* N.Y. Penal Law § 155.25 (McKinney 2014) (defining petit

---

[7] While Plaintiffs assert a claim for defamation *per* se in the Complaint, Plaintiffs did not discuss defamation *per se* in any of their submissions relating to the motion to dismiss; they only generically referred to their "defamation claim." (*See*, *e.g.*, Dkt. 48 at 17.) It is only on reconsideration, after the Court issued its opinion raising *sua sponte* the issues relating to defamation *per se*, that Plaintiffs seize upon it as part of their claim.

[8] Although framing their argument as relying on the Complaint and Additional Allegations only, Plaintiffs characterize their defamation *per se* claim as including the allegation about the $5,000 theft amount, when, in fact, that allegation was made *for the first time* in connection with this motion. (*See* Dkt. 56 at 2 ("the Complaint and additional allegations of the Opposition . . . sets forth a legally cognizable claim for Defamation Per Se in count Two. Simply, when one falsely states that a person stole $5,000 . . . , one falsely states that the person committed a serious crime and has defamed that person.").

9

larceny, a Class A misdemeanor, as the stealing of property); *Liberman*, 80 N.Y.2d at 435 ("Thus, the law distinguishes between serious and relatively minor offenses, and only statements regarding the former are actionable without proof of damage[.]").[9]

IV. <u>Amendment Futility</u>

In any event, even if Plaintiffs were permitted to amend their complaint to include the alleged $5,000 theft statement by Kornbrekke (Dkt. 56 at 9), reconsideration still must be denied because further leave to amend Plaintiffs' defamation *per se* claim would be futile, due to a qualified privilege that applies to the alleged defamatory statement.

Leave to amend should not be granted where such amendment would be futile. "Where it appears that granting leave to amend is unlikely to be productive, [] it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)); *Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258 (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

---

[9] It bears mention that, although Plaintiffs characterize the newly asserted defamatory statement as "David Thorsen stole $5,000" (Dkt. 56 at 10), this claim is a re-packaged version of their original allegation that Kornbrekke and others "stated or represented that David Thorsen stole and/or misappropriated money from Nansen Lodge when he caused Nansen Lodge to pay attorneys." (Dkt. 1 ¶¶ 139–40.) Plaintiffs acknowledge that the two statements are related: "The fact that the $5,000 was used to pay a legitimate expense of attorneys' fees for Nansen Lodge merely underscores the falsity of Mr. Kornbrekke's statement." (Dkt. 56 at 10.) In any event, the difference in the statements is of no moment for purposes of reconsideration, for the reasons stated herein.

The elements of a defamation claim are that the defendant made: "(1) a false statement about the plaintiff, (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher, (4) that either constitutes defamation *per se* or caused 'special damages.'" *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (citing *Garguiulo v. Forster & Garbus, Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (itself citing *Dillon v. City of New York*, 261 A.D.2d 34 (1st Dep't 1999)).

In connection with the second element of a defamation and defamation *per se* claim, "New York recognizes a qualified common interest privilege when the allegedly defamatory statement is made between persons who share a common interest in the subject matter." *Thai*, 726 F. Supp. 2d at 330 (citing *El-Hennawy v. Davita, Inc.*, 50 A.D. 3d 625, 626 (2d Dep't 2008)). "The privilege creates a rebuttable presumption of good faith that constitutes a complete defense to defamation." *Hussey v. N.Y. State Dep't of Law/Office of Atty. Gen.*, 933 F. Supp. 2d 399, 414 (E.D.N.Y. 2013). "At the pleadings stage, a plaintiff can overcome the common interest privilege by alleging that the defamatory statement was motivated *solely by* [common law or constitutional][10] malice." *Id.* (emphasis added) (citing *Phelan v. Huntington Tri-Village Little League, Inc.*, 57 A.D.3d 503, 504–505 (2d Dep't 2008)). "Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege." *Id.* (citations and quotations omitted).

New York courts apply the common interest privilege in a variety of situations, including "'where members of an organization discuss among themselves matters of concern to the

---

[10] "'Common-law malice mean[s] spite or ill will, and will defeat the privilege only if it is the one and only cause for the publication.' 'Constitutional or actual malice means publication with [a] high degree of awareness of [the publication's] probable falsity or while the defendant in fact entertained serious doubts as to the truth of [the] publication.'" *Thai*, 726 F. Supp. 2d at 330 (citing *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 98 (2d Cir. 2000)).

11

organization.'" *Kalika v. Stern*, 911 F. Supp. 594, 604 (E.D.N.Y. 1995) (quoting *Brockman v. Frank*, 149 Misc. 2d 399, 401 (N.Y. Sup. Ct. 1991)). Such common interest privilege regularly is found where "the speaker and the listeners were generally members of a group or organization–which undoubtedly suggested a robust common interest existed." *Walther v. Maricopa Int'l Inv., Corp.*, 97-CV-4816, 1998 WL 689943, at *2 (S.D.N.Y. Sept. 30, 1998) (collecting cases).

Here, Plaintiffs argue that "Paul Kornbrekke *stated to the assembled Nansen Lodge members* that David Thorsen stole $5,000 from Nansen Lodge" and that "[t]his is a false statement that Mr. Kornbrekke *published to the assembled members of Nansen Lodge*." (Dkt. 56 at 9) (emphases added). Kornbrekke and the members of the Nansen Lodge all share a common interest in the subject matter asserted in Kornbrekke's purportedly defamatory statement. Members of a fraternal organization certainly share a common interest in the operations of the organization and how the organization's funds are being used.

Because a common interest privilege applies to the newly alleged statement by Kornbrekke, permitting Plaintiffs to amend the complaint to add this allegation would be futile. Accordingly, the Court denies reconsideration on that additional basis.

V.  Clarification of Issues

Lastly, Plaintiffs seek clarification that "Sons of Norway is vicariously liable for the tortious acts of officers of Nansen Lodge . . . when the officers are acting in their official capacities as officers of Sons of Norway, and within the scope of their authority of Sons of Norway." (Dkt. 56 at 13.) Because the Court's decision, which is not being reconsidered, was based on findings that Plaintiffs failed to state any of the claims set forth in their Complaint and

Additional Allegations, there is no reason for the Court to reach the issue about Defendants' vicarious liability. The Court, therefore, declines to do so.

*CONCLUSION*

For the reasons stated herein, Plaintiffs' motions for reconsideration and for alteration of the judgment are denied in their entirety.

SO ORDERED:

  /s/ Pamela K. Chen  
PAMELA K. CHEN  
United States District Judge

Dated: May 14, 2014  
   Brooklyn, New York